UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lola T. Collins Welch,

        Plaintiff

v.

University of Toledo Education, et al.

        Defendants

Case No. 3:21-cv-02021

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

*Pro se* Plaintiff Lola T. Collins Welch filed this action against the University of Toledo Education ("the university") and the University of Toledo Medical Center ("the medical center"). For the reasons stated below, I dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

On October 26, 2021, Plaintiff filed a brief complaint containing the words "Consumer Credit (Student Loans)" and "Personal Injury—Medical Malpractice," two purported explanatory paragraphs in support of her allegations, and a request for monetary damages. (*See* Doc. No. 1). In her first paragraph, it appears Plaintiff alleges that in October 2003 and "Spring 2004" someone attempted to take a student loan out in her name for the University of Toledo "before [she] completed [her] FAFSA application." Plaintiff states, "Since I didn't take out the [loan] in 2003 or 2004, who did?" (*Id.*)

Plaintiff states in her second paragraph that she fell and broke her elbow, and she presented herself to the medical center for evaluation. According to Plaintiff, the medical center diagnosed a contusion and put her arm in a sling, but a couple of days later, she could not move her arm.

Plaintiff states that she then presented herself to "St. Vincent" where she was told that her elbow was broken and "the bone that broke off did damage to the fistula." (*Id.*)

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

When determining whether the plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations in the complaint as true, and discern whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

2

1937, 173 L. Ed. 2d 868 (2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement in *Ashcroft v. Iqbal*, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. ANALYSIS

### A. Consumer Credit (Student Loans)

Plaintiff's first paragraph pertains to student loans that an unknown individual took out in her name approximately 17 or 18 years ago.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of the plaintiff's claim and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to connect any alleged occurrence to any specific injury, and she fails to identify how the university harmed her. Indeed, Plaintiff fails to include any factual allegations indicating how the university is responsible for an unidentified individual taking a loan out in her name, and

she does not assert a discernable claim against the university based on recognized legal authority. Merely listing a defendant in the caption of the complaint, but raising no specific factual allegations against the defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). The complaint against the University of Toledo does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8, and I must therefore dismiss any claims against the university on this basis.

### B. Medical Malpractice

Plaintiff appears to allege in her second paragraph that the University of Toledo Medical Center committed medical malpractice when she presented herself for evaluation for a broken arm. This Court has no jurisdiction to address Plaintiff's medical malpractice claim.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1).

To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person

equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Here, the Complaint, as written, suggests that the plaintiff and the defendants are citizens of Ohio. Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475.

In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

5

Here, Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines*, 404 U.S. at 520.  This claim is a medical malpractice action based on Ohio law.  Even with the Court's liberal construction, Plaintiff failed to properly identify a federal question.

Accordingly, there is no indication in the complaint that this Court has subject matter jurisdiction to entertain this claim.  On that basis alone, I must dismiss Plaintiff's purported medical malpractice claim.

## V. Conclusion

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
